DADE COPES v. STATE.

No. A-4374.   Opinion Filed Sept. 12, 1924.
(228 Pac. 533.)

(Syllabus.)

1.   **Trial—Direction of Verdict of Acquittal Where Failure of Evidence.** When the evidence introduced upon the trial of a criminal case fails to disclose the commission of the offense charged, the court should advise the jury to acquit the defendant.

2.   **Intoxicating Liquors—Evidence Insufficient to Sustain Conviction for Unlawful Transportation.** Evidence on the trial of an information charging that the defendant did unlawfully convey intoxicating liquors considered, and held insufficient to sustain a conviction.

Appeal from County Court, Washita County; J. L. Jackson, Judge.

Dade Copes was convicted of the unlawful transportation of fermented liquor, and he appeals. Reversed.

James W. Smith, for plaintiff in error.

George F. Short, Atty. Gen., and G. B. Fulton, Asst. Atty. Gen., for the State.

DOYLE, J. This appeal is from a judgment of conviction rendered on a verdict of a jury finding Dade Copes guilty on a charge that on or about the 13th day of December, 1921, he did unlawfully transport a certain quantity of fermented liquors, to wit, 30 gallons of grape wine. The jury were unable to agree upon the punishment. February 13, 1922, the court rendered judgment and sentenced the defendant to pay a fine of $75 and be confined in the county jail for 30 days.

Of the various errors assigned, we deem it only necessary to consider the one, that the verdict is contrary to law and the evidence. The evidence shows that one Duncan bought some grapes from his father, put them in a barrel, mashed them up, and put some sugar in, and put the barrel in a corn bin in his barn; that on the date alleged the barrel was taken by defendant from the barn and placed in a pasture belonging to defendant's brother.

The first witness for the state, A. H. Streley, deputy sheriff, testified that he saw the defendant get out of a car carrying a jug and go to where the barrel was; that he filled it up out of the contents of the barrel, and he arrested him; that the jug and the barrel contained grape wine; that defendant told him that he was at a party, and the Ramsey boy took him up to George Duncan's and gave him a drink of this wine; that he took his girl home, and then went back by his home and got Spy Buck, an Indian, and they both went up to Duncan's barn and took this barrel to this place. Witness was then asked what were the ingredients of this fluid, and answered that he could only name one that he knew, and that was water.

G. T. Duncan testified that he bought some grapes from his father, put them in a barrel, and let them sour three or four days, and put sugar in it, and then changed the contents to another barrel; that he drank a part of it, and his family had drank a part of it; that it did not make him drunk, and did not make his family drunk; that when he missed it he informed the county attorney that Dade Copes had taken it without his consent.

The state rested, and defendant demurred to the evidence, for the reason that the same is insufficient to prove the commission of an offense, which demurrer was overruled. Exception allowed.

Under our Code of Procedure it is made the duty of the court, at any time after the evidence on either side is closed, if the court deems it insufficient to warrant a conviction, to advise the jury to acquit. Section 2713, Comp. Stats. 1921. The court may undoubtedly do this of its own motion, and the defendant may present to the court his right to an acquittal as a matter of law under this section. However, the defendant is not confined to this formula, or to any form of words, in presenting to the court his right to be acquitted. All that it necessary is that in some intelligible form there shall be presented to the court, for its ruling and decision, the question that there is no evidence for the jury, or not sufficient evidence, upon which to base a conviction.

That the liquid alleged to have been conveyed was intoxicating liquor is an essential element of the offense of unlawfully conveying intoxicating liquors. The proof on the part of the state wholly fails to show that the liquid in question was intoxicating liquor. On the contrary, the evidence for the state tended to show that it was not intoxicating.

The prohibition enforcement act (section 7002, Comp. Stats. 1921) provides in part as follows:

"Provides, however, that the provisions of this chapter shall not apply to the manufacture and sale of unfermented cider and wine made from apples, grapes, berries or other fruit grown in this state, and to the use of wine for sacramental purposes in religious bodies."

The evidence on the part of the state having failed to show the commission of the offense charged, it follows that the court should have sustained the demurrer thereto, and should have advised the jury to acquit the defendant.

Because the evidence was insufficient as a matter of law to show the commission of the offense charged, the judgment of the lower court is reversed.

MATSON, P. J., and BESSEY, J., concur.